# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF IDAHO

_____

**In Re:**

TRACY LEHMAN and
NANETTE LEHMAN, husband
and wife,

**Debtors.**

**Bankruptcy Case
No. 04-00078**

_____

BRANDT AGENCY, INC., an
Idaho corporation,

**Plaintiff,**

vs.

TRACY LEHMAN and
NANETTE LEHMAN, husband
and wife,

**Defendants.**

**Adv. Proceeding No. 04-6137**

_____

**MEMORANDUM OF DECISION**
_____

MEMORANDUM OF DECISION - 1

**Appearances:**

> D. Blair Clark, RINGERT, CLARK, CHTD., Boise, Idaho, Attorney for Plaintiff.
>
> Howard Foley, FOLEY, FREEMAN, BORTON & STERN, Meridian, Idaho, Attorney for Defendants.

## Background and Introduction

Plaintiff, Creditor Brandt Agency, Inc., commenced an adversary proceeding asking that its claims against Defendants, Chapter 7 Debtors Tracy and Nanette Lehman, be excepted from discharge under 11 U.S.C. §§ 523(a)(4) and (a)(6), and that Defendants be denied a discharge under 11 U.S.C. § 727(a)(5). On March 8, 2005, the Court granted Defendants' motion for summary judgment, resulting in dismissal of the action. Docket No. 23. Defendants now move for an award of attorney fees and costs incurred in defending the action, arguing that the award is proper under state law and because Plaintiff pursued this action in bad faith. Mot. for Attorney Fees, Docket No. 25. Plaintiff objects. Obj., Docket No. 28. The Court conducted a hearing on Defendants' motion on April 14, 2005, and took the issues under advisement. Docket No. 30.[1]

---

[1] To the extent required by applicable rule, this memorandum incorporates the Court's findings of fact and conclusions of law. Fed. R. Bankr. P. 7052; 9014.

MEMORANDUM OF DECISION - 2

**Disposition**

There is no general right to recover attorney fees and costs incurred in litigation under the Bankruptcy Code. *Jenkins v. Sroufe* (*In re Sroufe*), 01.1 I.B.C.R. 35, 38 (Bankr. D. Idaho 2001). However, "a prevailing party in a bankruptcy case may be entitled to an award of attorney fees in accordance with applicable state law if state law governs the substantive issues raised in the proceedings." *Ford v. Baroff* (*In re Baroff*), 105 F.3d 439, 441 (9th Cir. 1997). Conversely, when the litigated issues involve matters "peculiar to federal bankruptcy law, attorney's fees will not be awarded absent bad faith or harassment by the losing party." *Sroufe*, 01.1 I.B.C.R. at 38 (quoting *Fobian v. Western Farm Credit Bank* (*In re Fobian*), 951 F.2d 1149, 1153 (9th Cir. 1991)). *See also Itule v. Metlease, Inc.* (*In re Itule*), 114 B.R. 206, 213 (B.A.P. 9th Cir. 1990)(holding that 11 U.S.C. § 523(a)(6) does not provide for attorneys fees).

Defendants contend that Idaho Code § 12-120, § 12-121, and Idaho R. Civ. P. 54 allow them to recover fees in this case as the prevailing party. Idaho R. Civ. P. 54(e)(1) authorizes an award of attorney's fees to a prevailing party when such an award is provided by statute or contract. Idaho Code § 12-121 provides:

MEMORANDUM OF DECISION - 3

> In any civil action, the judge may award reasonable
> attorney's fees to the prevailing party or parties,
> provided that this section shall not alter, repeal or
> amend any statute which otherwise provides for the
> award of attorney's fees. The term "party" or "parties"
> is defined to include any person, partnership,
> corporation, association, private organization, the state
> of Idaho or political subdivision thereof.

Idaho Code § 12-121 (2004).  But, Idaho R. Civ. P. 54(e)(1) limits the availability of attorney fees under Idaho Code § 12-121 to actions that were "brought, pursued or defended frivolously, unreasonably or without foundation[.]" Alternatively, under Idaho Code § 12-120, the prevailing party in a civil action concerning a contract relating to the purchase or sale of goods, or arising out of any commercial transaction, is allowed reasonable attorney fees to be taxed as costs.  Idaho Code § 12-120(3) (2004).[2]

But here, state law does not control.  This litigation involved issues of federal bankruptcy law: whether the debts Defendants owed Plaintiff were

---

[2] In their brief, Defendants did not specify which subsection of Idaho Code § 12-120 applies to their request for fees.  The Court presumes Defendants rely upon subsection three, since Plaintiff's claims against them were based upon Defendants' alleged breach of crop lease agreements.  However, there are also other subsections pertaining to actions in which the amount claimed is $25,000 or less.  *See* Idaho Code § 12-120(1), (4).  Under Idaho case law, the failure to plead a specific section of Idaho Code § 12-120 is grounds to deny a claim for attorney fees.  *Bingham v. Montane Resource Assocs.*, 987 P.2d 1035, 1041 (Idaho 1999) (denying a request for attorney fees asserted generally under Idaho Code § 12-120 because the subsections required different showings).  Defendants' failure to specify which subsection of the statute applies is of no moment here because, as explained below, the Court concludes state law does not apply.

MEMORANDUM OF DECISION - 4

excepted from discharge in bankruptcy, and whether Defendants should be denied any discharge of their debts. Indeed, Defendants never challenged that they owed Plaintiff damages for breaching their lease agreements, and the Court decided no issues related to the enforcement of those contracts.

Admittedly, the Court was asked to determine whether Defendants were guilty of conversion under state law. But that decision was ancillary to Plaintiff's argument that the debt it was owed should be excepted from discharge as a willful tort under 11 U.S.C. § 523(a)(6). Even had the Court concluded that Defendants converted Plaintiff's property (which it did not), the other elements of § 523(a)(6) would have had to be proven for Plaintiff to prevail. Because resolving Plaintiff's claims against Defendants in this action involved issues peculiar to federal bankruptcy law, the state law attorney fee provisions Defendants cited do not apply. *See Idaho First Nat'l Bank v. LeMaster* (*In re LeMaster*), 147 B.R. 52, 53 (Bankr. D. Idaho 1992) (holding that Idaho Code § 12-120 and § 12-121 did not apply if the question involved the applicability of the bankruptcy laws to particular contracts).

Defendants could also be awarded attorney fees if Plaintiff exhibited bad faith, or engaged in harassing behavior, in prosecuting this action. *Fobian*, 951 F.2d at 1153. Defendants contend that the holdings in *Roadway Express, Inc.*

MEMORANDUM OF DECISION - 5

*v. Piper*, 447 U.S. 752 (1980), and *Hall v. Cole*, 412 U.S. 1 (1973), support their contention that the Court possesses the inherent power to award attorney fees when a plaintiff files and pursues its complaint without support from the facts or legal authority.

The Supreme Court in *Roadway* concluded that federal courts have inherent power to assess attorney fees for the "'willful disobedience of a court order . . . as part of the fine to be levied on the defendant[,] . . . or when the losing party has acted in bad faith, vexatiously, wantonly, or for oppressive reason . . . .'" *Roadway*, 447 U.S. at 766 (internal citations omitted). Some years earlier in *Hall*, the Court recognized a district court's ability to award fees to a successful party when an opponent had acted "in bad faith, vexatiously, wantonly, or for oppressive reasons" as a punitive sanction for such conduct. *Hall*, 412 U.S. at 5.

The Court declines in this case to find that Plaintiff acted in bad faith. While in deciding the summary judgment motion it appeared Plaintiff's claims lacked an adequate legal or factual basis, a very different picture was presented to Plaintiff at the inception of the action. It seems a considerable quantity of hay Defendants raised on Plaintiff's ground was "missing." In its complaint, Plaintiff alleged Defendants had failed to properly account for the hay as required by the leases. Through discovery, Plaintiff sought an explanation from

MEMORANDUM OF DECISION - 6

Defendants about what had happened to the hay. Defendants insisted they fed the "missing hay" to their livestock as authorized by the leases and the parties' past practices. Defendants were then unable to pay Plaintiff for the hay as required by their deal.

Absent proof that Defendants' account of the facts was untrue, and over Plaintiff's insistence that it should not do so, the Court accepted Defendants' explanation. As a result, Plaintiff suffered entry of a summary judgment against it. There is nothing in the record to show that Plaintiff was either vexatious or conducted this litigation in other than a civil, ethical manner in attempting to resolve the parties' dispute. Lacking evidence, Plaintiff's case was not particularly strong. But even so, the Court can not conclude on these facts that Plaintiff should be sanctioned by awarding fees to Defendants.

Defendants also request reimbursement from Plaintiff of their litigation costs totaling $15.25. Fed. R. Bankr. P. 7054(b) provides that the prevailing party may recover certain types of costs, and the Court's Local Rules define a "prevailing party" to include "one who successfully prosecutes the action or successfully defends against it, prevails on the merits of the main issue, and the one in whose favor the decision or verdict is rendered and judgment entered." L.B.R. 7054.1(b).

MEMORANDUM OF DECISION - 7

Though Defendants were the "prevailing party" in this action, the items of costs they seek to recover from Plaintiff (photocopying, postage, and long distance telephone charges) are not allowed under the Rule. L.B.R. 7054.1(c). Therefore, Defendants are not entitled to an award of costs in this action. *See Sroufe*, 261 B.R. at 40 (denying reimbursement for the cost of faxes, telephone charges, and postage).[3]

## Conclusion

For these reasons, Defendants' motion will be denied by separate order.

Dated: May 16, 2005

_____
Honorable Jim D. Pappas
United States Bankruptcy Judge

---

[3] Regarding the copying charges, L.B.R. 7054.1(c)(5) does allow for reimbursement for copies of exhibits attached to documents required to be filed and served. However, Defendants have not shown that the charges they claim were incurred were for copying exhibits used in prosecuting their summary judgment motion. Absent that showing, reimbursement of those costs is not allowed.

MEMORANDUM OF DECISION - 8